UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REFERRAL REWARD, LLC d/b/a INCENTIVEFOX, | )<br>)<br>) |
| Plaintiff, | ) Case No. 22-cv-01742<br>)<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) |
| ARO FINANCIAL, INC. a/k/a MYPAYGRADE, INC., and BRIAN J. WISE, | )<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Referral Reward, LLC d/b/a IncentiveFox ("Referral Reward") brings this suit against ARO Financial, Inc. a/k/a MyPayGrade, Inc. ("ARO Financial") and Brian J. Wise ("Wise") for breach of contract. Before the Court is Wise's motion to dismiss [14]. For the following reasons, the Court denies the motion.

**Background**

The following facts as alleged in the complaint are taken as true for purposes of this motion. In early 2020, CEO of ARO Financial Brian Wise developed an idea to build a web and mobile application to help parents educate their children on money management. Wise pitched the idea to Referral Reward, which signed on to assist defendants with creating a business plan for the idea and presenting the plan to potential investors and developers. The parties entered into a Development and Management Agreement (the "Agreement") in August 2020, in which Referral Reward agreed to provide consulting and management services for ten months and then maintenance and support services for twelve months thereafter. As part of the agreement, Referral Reward also served as an intermediary for defendants' contract with web developer Brightspot. In total, defendants were to pay Referral Reward $190,000 over the course of the agreement. After the initial payment on the

contract, which Wise made using his own credit card, ARO Financial failed to pay for Referral Reward's services consistently and completely. Referral Reward alleges that defendants paid only $59,750 of the $190,000 required by the contract.

On information and belief, Referral Reward also alleges that ARO Financial and its CEO failed to maintain adequate corporate records and failed to comply with corporate formalities. Referral Reward also contends on information and belief that Wise comingled his and ARO Financial's funds and assets.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

The parties agree that Delaware law governs Referral Reward's attempt to pierce the corporate veil. *See Wachovia Sec., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012) ("Illinois applies the law of the state of incorporation for veil piercing claims."). Under Delaware law, a court may "pierce the corporate veil where there is fraud or where the corporation is in fact a mere instrumentality or alter ego of its owner." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 176 (2d Cir. 2008) (cleaned up) (applying Delaware law). To determine whether to pierce

the corporate veil, Delaware courts analyze a number of factors, including: "(1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a façade for the dominant shareholder." *MicroStrategy Inc. v. Acacia Rsch. Corp.*, No. CIV.A 5735-VCP, 2010 WL 5550455, at *11 (Del. Ch. Dec. 30, 2010) (cleaned up). "While the list of factors is not exhaustive and no single factor is dispositive, some combination is required, and an overall element of fraud, injustice, or unfairness must always be present." *Blair v. Infineon Techs. AG*, 720 F. Supp. 2d 462, 471 (D. Del. 2010); *see also Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 620 (D. Del. 2018) (emphasis in original) ("Delaware requires that the fraud or injustice be found in the *defendant's use of the corporate form itself*.").

Under the notice pleading standard, Referral Reward has adequately pled facts to proceed on its attempt to pierce the corporate veil. Although Referral Reward cannot rely on boilerplate recitations of the elements of the multi-factor test, it sufficiently states additional details to infer Wise misused the corporate form. According to the complaint, Wise used his own funds to pay Referral Reward, beginning with the initial payment on the Agreement. ARO Financial almost immediately became delinquent on payments and was only able to settle its bills with further payments from Wise's credit cards. In March 2021, Wise told Referral Reward that he had not yet secured funds from ARO Financial's investors, but that he would pay the remaining outstanding invoices by the end of the month, though he never did.

In sum, these facts support an inference that ARO Financial was not adequately capitalized at its inception. *See Trustees of Nat. Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 197 (3d Cir. 2003). ("[T]he inquiry into corporate capitalization is most relevant for the inference it provides into whether the corporation was established to defraud its creditors or some

3

other improper purposes such as avoiding the risks known to be attendant to a type of business."). Further, the Court can infer that ARO Financial was insolvent, and that Wise commingled his and the corporate entity's funds. Therefore, drawing all reasonable inferences in Referral Reward's favor, it is plausible that Wise created ARO Financial with a fraudulent, unfair, or unjust purpose.

Wise contends that piercing the corporate veil under Delaware law is especially tough and therefore Referral Reward's claims against him should not go forward. *See Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1183 (Del. Ch. 1999) ("Persuading a Delaware court to disregard the corporate entity is a difficult task."). While true, more is not required of Referral Reward at the pleading stage. *See Bracken Data, Inc. v. Guel*, No. 22-CV-273, 2022 WL 3999810, at *12 (N.D. Ill. Sept. 1, 2022) (Seeger, J.) ("Proving a basis for piercing the corporate veil is a difficult challenge. But pleading a claim is not.").

**Conclusion**

For the foregoing reasons, the Court denies Wise's motion to dismiss.

IT IS SO ORDERED.

Date: 3/29/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4