**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REFERRAL REWARD, LLC, d/b/a | ) | |
| INCENTIVE FOX | ) | |
| | ) | |
| Plaintiff, Counter-Defendant, | ) | Case No. 22-cv-01742 |
| | ) | |
| v. | ) | Hon. Sharon Johnson-Coleman |
| | ) | |
| ARO FINANCIAL, INC. d/b/a | ) | |
| MYPAYGRADE, INC., & | ) | |
| BRIAN J. WISE | ) | |
| | ) | |
| Defendant, Counter-Plaintiff. | ) | |

## MOTION FOR SUMMARY JUDGMENT

Plaintiff Counter-Defendant, Referral Reward, LLC d/b/a Incentive Fox ("Plaintiff")
brings its Motion for Summary Judgment against Defendant Counter-Plaintiff ARO Financial, Inc.
d/b/a MyPayGrade, Inc.'s ("ARO") trade secrets claim, and in support states as follows:

## INTRODUCTION

Plaintiff Referral Reward, LLC d/b/a Incentive Fox moves for summary judgment against
Defendant ARO on ARO's trade secret misappropriation claim brought under the Defend Trade
Secrets Act (18 U.S.C. § 1836, *et seq.*) and the Illinois Trade Secrets Act (765 ILCS 1065/1, *et
seq.*). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate when
there is no genuine issue of material fact and the moving party is entitled to judgment as a matter
of law. Here, summary judgment is proper because Defendant ARO has failed to establish the
existence of any specific trade secret or provide evidence that its alleged trade secrets were
misappropriated by Plaintiff Referral Reward.

Throughout the course of this litigation, ARO has not presented any evidence establishing
a clear and identifiable trade secret. Instead, ARO has relied on broad and generalized descriptions

1

of its claimed business methods and software, without offering the required specificity to support a trade secret misappropriation claim. *Maxtech Cons. Prods., Ltd. v. Robert Bosch Tool Corp.*, 255 F. Supp. 3d 833, 853 (N.D. Ill. 2017) (noting that generalized descriptions of a trade secret are not sufficient to establish a trade secret claim). In addition, ARO has failed to produce any documentation or evidence—such as employee agreements, financial statements, or drafts—supporting its claim that it owns any protectable trade secrets under the DTSA or ITSA. As a matter of law, ARO's vague allegations do not meet the established legal standard for a trade secret claim, which requires the ARO to go beyond general descriptions and present concrete, identifiable trade secrets.

In addition, even if ARO possessed a protectable trade secret, ARO fails to present any evidence showing that Plaintiff misappropriated or exploited any information from the Defendants' MyPayGrade project. It is undisputed that Defendant ARO's entire trade secret claim is based on the Plaintiff's filing of the Parties' contract as a part of its lawsuit. Pl. Stmt. of Undisputed Mat. Facts ("PUMF") at ¶¶16-18. Due to this, even if Defendant ARO could establish the existence of a trade secret, it cannot establish that Plaintiff used or misappropriated any information from the MyPayGrade Project.

In the absence of any genuine issue of material fact, and because ARO has failed to meet its burden of proof, Plaintiff Referral Reward is entitled to summary judgment as a matter of law. Therefore, Referral Reward respectfully requests that this Court grant its motion for summary judgment and dismiss ARO's trade secret misappropriation claim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotation omitted). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding whether a dispute exists, the Court must "consider all of the evidence in the record in the light most favorable to the non-moving party[ ] and . . . draw all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018) (quotation omitted).

Under Rule 56, the movant has the initial burden of establishing that a trial is not necessary. *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627 (7th Cir. 2014). "That burden may be discharged by showing ... that there is an absence of evidence to support the nonmoving party's case." *Id.* (quotation omitted). If the movant carries this burden, the nonmovant "must make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* (quotation omitted). The nonmovant "must go beyond the pleadings (e.g., produce affidavits, depositions, answers to interrogatories, or admissions on file) to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in [his or her] favor." *Id.* (quotation omitted). "Inferences supported only by speculation or conjecture will not suffice," and neither "will the mere scintilla of evidence." *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 894 (7th Cir. 2018). In addition, not all factual disputes will preclude the entry of summary judgment but only disputes of material fact—"irrelevant or unnecessary factual disputes do not

preclude summary judgment." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012) (internal quotation omitted). "[T]he substantive law will identify which facts are material." *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quotation omitted).

In deciding a summary judgment motion, the Court cannot weigh conflicting evidence, assess the credibility of the witnesses, or determine the ultimate truth of the matter, as these are functions of the jury. *Anderson*, 477 U.S. at 255; *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011). Instead, the Court's function is "to determine whether there is a genuine issue for trial." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Anderson*, 477 U.S. at 249).

## ARGUMENT

Summary judgment should be granted in favor of Plaintiff on Defendant ARO's trade secret claim because ARO fails to present evidence establishing the elements of its claim. To establish a trade secret claim, ARO is required to establish: (1) existence of a trade secret; (2) that a Defendant misappropriated; and (3) used in the Defendant's business. *Sonrai Sys., LLC v. Waste Connections, Inc.*, 658 F. Supp. 3d 604, 613 (N.D. Ill., 2023). As shown below, ARO's claim fails at the first element because it cannot show the existence of a trade secret. Even if ARO could establish the existence of its trade secret, it fails to show that Plaintiff misappropriated any information from ARO's MyPayGrade project and used it in its own business. As a result, ARO's trade secret claim should be dismissed on summary judgment.

**I.      Defendant ARO Fails to Provide Any Evidence Referencing or Showing the Existence of a Trade Secret.**

Summary judgment should be granted in favor of Plaintiff Referral Reward because Defendant ARO cannot provide any evidence or documentation establishing that it ever had a trade secret. In a trade secret misappropriation case, the plaintiff bears the burden of defining the

4

allegedly misappropriated secrets with sufficient specificity. It is well established that "[i]t is not enough to point to broad areas of technology and assert that something there must have been secret and misappropriated." *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992). Rather, "[t]he plaintiff must show concrete secrets." *Id.* The plaintiff must go beyond general descriptions and present specific, identifiable trade secrets that were misappropriated. *Maxtech Consumer Prods., Ltd. v. Robert Bosch Tool Corp.*, 255 F. Supp. 3d 833, 853 (N.D. Ill. 2017); *see also Act II Jewelry, LLC v. Wooten*, 318 F. Supp. 3d 1073, 1089 (N.D. Ill. 2018) (noting that "a pile of documents are unlikely to meet the specificity requirements" for trade secrets). Without a concrete identification of its alleged trade secrets, the Plaintiff and the Court cannot properly analyze whether any particular information "was sufficiently secret to derive economic value" or whether ARO "took reasonable efforts to keep [such] information secret." *GlobalTap LLC v. Elkay Mfg. Co.*, No. 13 C 632, 2015 WL 94235, at *6 (N.D. Ill. Jan. 5, 2015).

Here, it is undisputed that ARO failed to identify any specific trade secrets or produce any documents referencing or describing how its claimed trade secret is protected. In bringing a trade secret claim, a party cannot merely "identify a kind of technology and then invite the court to hunt through the details in search of items meeting the statutory definition" of a trade secret. *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 584 (7th Cir. 2002). ARO never provided Plaintiff with a written description or notice of what it considered its trade secrets or confidential information. PUMF at ¶¶8-9. ARO's only claim to a trade secret is a vague statement that "[e]xhibits A-1, A-2, and A-3 contain ARO's confidential and proprietary trade secret information." [15] at ¶42. Defendant has not presented any evidence that it ever told or cautioned Plaintiff that information in these documents contained proprietary or trade secret information.

Beyond this general claim that trade secret information rests in the exhibits to Plaintiff's complaint, ARO has not identified or explained what information it is protecting or how this information constitutes a protected trade secret. For example, ARO failed to produce any documents, such as employee agreements, drafts, or even flowcharts or diagrams, that would substantiate its claims that it possessed an identified and protected trade secret. PUMF at ¶¶6-9. In addition, ARO did not provide any financial statements or reports to show that its purported trade secrets hold any economic value, or that it took steps to protect such information. PUMF at ¶¶6-9. This lack of evidence as to how the purported trade secret is protected, or derives any value, is fatal to ARO's claim, as ARO offers nothing more than a generalized claim that Plaintiff disclosed its trade secret by attaching the Parties' contract as a part of its lawsuit. *See* [15] at ¶¶ 41-42; PUMF at ¶¶7-9,19. This lack of specificity is insufficient and leaves the Plaintiff guessing as to what Defendant's trade secret is exactly. *Maxtech Consumer Prods., Ltd.*, 255 F. Supp. 3d at 853 (noting that the trade secrets claims must be based on specific and identifiable trade secrets).

In conclusion, ARO has not come forward with any evidence of identifiable trade secrets or specific descriptions of what the secret is and how it derives value. Defendant ARO has provided only its articles of incorporation in response to Plaintiff's document requests for material related to ARO's claimed trade secrets. PUMF at Ex. E. This document alone fails to identify the existence of any trade secret as an asset of the company or any claimed value of any owned intellectual property. *See* PUMF Ex. E. Simply put, Defendant ARO does not have an identifiable trade secret, and thus summary judgment should be granted in favor of Plaintiff Referral Reward on Defendant ARO's trade secrets counterclaim.

## II. Defendant ARO Fails to Present Any Evidence Showing that Plaintiff Misappropriated or Exploited Any Information from the MyPayGrade Project.

Even if Defendant ARO's generalized descriptions are sufficient to establish the existence

of a trade secret, ARO fails to present any evidence that Plaintiff exploited any information from the MyPayGrade Project for its own financial gain. In order to establish the misappropriation element of a trade secret claim, the party asserting the claim must show that the other party exploited its trade secret for financial gain. *Global Tap LLC*, 2015 WL 94235, at *6. As the *Global Tap* court noted:

> "[E]ven if [the plaintiff] did establish identifiable trade secrets within the Business Plan or its list of partners, the record is devoid of evidence showing that [the defendant] ever utilized those trade secrets. To prevail at trial, [the plaintiff] would need to show that [the defendant] used its information for its own business purpose."

2015 WL 94235, at *7; *see also Motorola Solutions, Inc. v. Hytera Comm. Corp. Ltd.* ("misappropriation" includes the defendant's illicit and ongoing "disclosure or use" of the stolen secrets."). Thus, Defendant ARO is required to show that the Plaintiff misappropriated and utilized its trade secrets for their own financial gain.

Here, there is no evidence or allegation that Plaintiff misappropriated or financially exploited Defendant ARO's MyPayGrade project. Defendant ARO's misappropriation claim is based entirely upon the fact that Plaintiff attached a copy of its contract with Defendant ARO to establish its breach of contract claim. [15] at ¶¶39-43. Defendant ARO does not allege or present any evidence that the Plaintiffs have used or exploited any information from its MyPayGrade Project for its own commercial gain. *See Id.*; PUMF at ¶¶16-18. This is also evidenced by the affidavits of Plaintiff's representatives that also allege that they did not misappropriate or exploit the Defendant's information from the MyPayGrade project. Due to this, even if Defendant ARO possessed a trade secret, it cannot establish the misappropriation element of its trade secret claim. As a result, summary judgment should be granted to Plaintiff on Defendant ARO's trade secret claim.

### III. Defendant ARO's Trade Secrets Claim was Brought is Frivolous and Plaintiff Referral Reward Should be Awarded Its Attorney's Fees in Defending this Claim.

Under both the Defend Trade Secrets Act (DTSA) and the Illinois Trade Secrets Act (ITSA), courts have discretion to award attorneys' fees when a claim of misappropriation is made or maintained in bad faith. Specifically, under the DTSA, a court may award attorneys' fees if a claim is made in bad faith, including claims that are groundless or brought with an improper purpose. See 18 U.S.C. § 1836(b)(3)(D). The ITSA similarly provides for attorneys' fees when "a claim of misappropriation is made in bad faith." 765 Ill. Comp. Stat. 1065/5. This includes claims that are filed or maintained in bad faith. *Tradesman Intern., Inc. v. Black*, 724 F.3d 1004, 1016 (7th Cir. 2013).

Here, Defendant ARO's trade secret claim was brought in retaliation and as a means to obtain subject matter jurisdiction in this matter. *See* [15] at ¶¶39-43; PUMF at ¶¶16-18. By bringing and maintaining this action this action, Defendant ARO is acting in bad faith. ARO has not presented any evidence to support its claim that Plaintiff Referral Reward, LLC d/b/a Incentive Fox misappropriated its alleged trade secrets. PUMF at ¶¶18-19.

Throughout this litigation, ARO has refused to identify its trade secrets with sufficient specificity, providing only broad, generalized descriptions of its business methods and software. *See generally* PUMF at Ex's. C-D. As the Seventh Circuit has emphasized, "It is not enough to point to broad areas of technology and assert that something there must have been secret and misappropriated." *Composite Marine Propellers, Inc.*, 962 F.2d at 1266. ARO's vague and overly broad descriptions of its alleged trade secrets do not meet the legal standard for a trade secret claim. Further, ARO has failed to provide any supporting evidence for its claim. PUMF at ¶¶6-9, 19. ARO did not produce any documents, financial statements, or affidavits that would substantiate its claim that Referral Reward misappropriated any trade secrets. PUMF at ¶8,19. Courts have made

clear that without evidence of specific trade secrets and their misappropriation, a claim cannot proceed. *See IDX Sys. Corp.*, 285 F.3d at 584.

Moreover, the record suggests that this claim was brought merely to manufacture jurisdiction, as no evidence has been provided that any misappropriation occurred, nor that ARO possessed any trade secrets worthy of protection. This baseless filing has served only to harass and impose unnecessary costs on Referral Reward. The Seventh Circuit has held that an award of attorneys' fees for maintaining a trade secret misappropriation claim in bad faith, ARO's actions here similarly warrant the award of fees. *Tradesman Intern., Inc.*, 724 F.3d at 1016. By maintaining a baseless claim without supporting evidence, ARO has demonstrated a clear intent to burden Referral Reward unnecessarily, suggesting improper motives for the suit.

Given ARO's failure to define its alleged trade secrets, to provide evidence of any misappropriation, and its apparent intent to manufacture jurisdiction, this Court should find that ARO's claim was filed and maintained in bad faith. As a result, Referral Reward respectfully requests that this Court exercise its discretion under the DTSA to award reasonable attorneys' fees to Referral Reward.

**WHEREFORE,** Plaintiff Referral Reward, LLC d/b/a Incentive Fox respectfully requests that this Court enter an order:

1. Granting Plaintiff's Motion for Summary Judgment against Defendant ARO Financial, Inc. d/b/a MyPayGrade, Inc. on its trade secret misappropriation claim;

2. Dismissing with prejudice Defendant ARO's trade secret misappropriation claim against Plaintiff;

3. Awarding Plaintiff its reasonable attorneys' fees, costs, and expenses incurred in defending this claim, pursuant to the Defend Trade Secrets Act (18 U.S.C. § 1836(b)(3)(D));

Granting such other and further relief as the Court deems just and proper.

/s/ Benjamin Lockyer
Jacobson Legal Services LLC
Lee I. Jacobson
Benjamin C.R. Lockyer
100 N. Riverside Plaza, #2400
Chicago, Illinois 60606

***Attorneys for Plaintiff Counter-Defendant
Referral Reward, LLC d.b.a. Incentive Fox***